# THE LAW OFFICE OF
# ELISA HYMAN, P.C.

December 22, 2022

*Via ECF*
Hon. Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: *L.T. et al., v. New York City Department of Education, et al.*, 21-cv-1367 (PAE)(GWG)

Dear Judge Engelmayer:

I represent the Plaintiffs in the above-referenced action. I am writing jointly with all Defendants to advise the Court of a development in settlement today and to request an emergency stay of discovery and/or an extension to enable the parties to complete the settlement process. We do believe the circumstances are extraordinary, particularly since the remaining discovery is covering the holiday season and my client is having some very serious personal issues.

As of today, we are pleased to inform the Court that we have a settlement in principle with respect to services for C.S. and other relief between the parties, subject to (a) drafting a settlement agreement and stipulation and (b) negotiating attorney's fees. We would like to proceed with the settlement. However, the current schedule is a barrier to doing so, for the reasons set forth herein.

The City Defendants have obtained settlement approval on fees for the underlying administrative action but have not yet obtained approval for the federal fees, which are accumulating rapidly given the schedule. Plaintiffs cannot resolve federal fees with each Defendant individually, and fees are accumulating on a daily basis.

The discovery schedule is extremely active; Harlem Children's Zone ("HCZ") Defendants and Plaintiffs' counsel are working with outside E-discovery firms, which, in addition to attorney's fees, is rapidly adding thousands of dollars to this litigation. City Defendants are about to engage with emergency E-discovery. Plaintiffs are also about to file discovery motions and all parties have held dates for depositions over the next two weeks and have waived timelines for notices.

Beyond this, the family is in crisis. L.T.'s mother has two kinds of cancer and L.T. is at risk of losing her job if she takes off more time, as she did not have FMLA leave approved by her employer due to her own serious health issues prior to this year. Further, L.T. had COVID for two weeks over the last month and had to travel to Virginia to accompany her ailing mother to handle a matter there. C.S. was here in New York City. Over the past two weeks, C.S. was extremely upset/anxious about the case, to the point where he was unable to fully participate in the E-discovery process (although that has been since resolved).

None of the parties wants to put this family through depositions in the middle of the holiday season, given their situation, particularly since we have just reached a settlement in principle today.

Moreover, given that significant attorneys' fees and E-discovery expenses are accruing daily for all parties, we urgently request the Court's agreement to pause the litigation while we finalize the terms of the settlement. As the Court is aware, Plaintiffs' counsel's office litigates many cases with City Defendants and once we have achieved a settlement in principle, we have never had the settlement break down over fees. As noted, the DOE already has Comptroller authority for the underlying administrative fees but does not yet have authority for the federal fees. Continuously accruing fees in this case while we await Comptroller authority for the federal fees to date harms the HCZ Defendants as they will be forced to expend significant resources in discovery over the next two weeks.

Thus, under the circumstances, and given the cost of this litigation to date, the fees are soon going to dwarf the relief. Plaintiffs do not want HCZ Defendants to determine that it is no longer cost effective to settle this action.

Thus, given that we have reached the settlement in principle over the substantive issues, we are asking for a discovery stay for 30 days, to submit a stipulation of settlement to the Court.

Thank you for your consideration.

Sincerely,

*/s/ Elisa Hyman*

Elisa Hyman, Esq.
*Counsel for the Plaintiffs*

cc: All counsel of record
(via ECF)

Granted. Discovery is stayed for 30 days. The Court directs the parties to file a stipulation of settlement by January 22, 2022 or, if no settlement has been reached, a joint status update. The Court wishes all parties and counsel well.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge
December 22, 2022